JOHNSON *et al. vs.* HOLLIDAY, administrator, *et al.*

Equity will never take the administration of an estate out of the hands of an administrator and the court of ordinary, except where it is absolutely necessary to preserve the estate or protect the rights of parties where they would be otherwise endangered ; especially not at the instance of heirs as against creditors.

(*a.*) Where an administrator has been appointed, and after due notice an order to sell realty of the estate has been granted, injunction will not be issued to stop the sale at the instance of the heirs, on the ground that they prefer a division in kind, and that the only debt claimed against the estate (except a small account which they propose to pay) is not legal, there being no allegation of insolvency, fraud or collusion.

Equity. Injunction. Administrators and Executors. Before Judge HILLYER. Fulton County. At Chambers. September 3d, 1881.

Reported in the decision.

McCAY & ABBOTT, for plaintiffs in error.

A. B. & H. L. CULBERSON, for defendants.

CRAWFORD, Justice.

This was an application for an injunction by the heirs of Henry T. Johnson, deceased, to restrain the sale of his real estate by J. S. Holliday, his administrator. The grounds set out in the bill and upon which the injunction is sought are : That the deceased left only a small estate, of the value of some $2,000.00, and the heirs, being all *sui iuris*, are anxious to avoid the expense of an administration by dividing the property in kind, and that the administrator, under an order of the court of ordinary, is proceeding to sell for the benefit of the heirs and creditors. That there is no necessity for any administration, as there are no debts of deceased to pay except one of about $60.00,

part of which has already been paid, and that the heirs at law of the said Johnson have agreed to settle the balance. That John Neal, Jr., at whose instance the administration was had, claims to be a creditor of deceased, by reason of his being the holder of two promissory notes made by him to one Irwin, who transferred the same to Neal as collateral security for the payment of a usurious debt. That the consideration moving the transfer being illegal, the title did not pass to Neal. That the notes thus held by Neal against Johnson, not being collectible in the hands of Irwin are not collectible in the hands of Neal. That they would not be collectible in the hands of Irwin, because they were given by Johnson to him for land to which he had no title and to secure which Johnson had to pay more than the amount of the notes. The prayer of the bill was that Neal be restrained from enforcing his claim against the estate, and on final decree that his claim be declared void.

The defendants filed a demurrer for want of equity, which the court sustained and refused the injunction.

To have sustained this injunction would have had the legal effect practically, first to revoke the letters of administration granted by the court of ordinary, and that, too, by a *court of equity* upon the ground that the heirs-at-law, being *sui juris*, did not want the expense of an administration upon so small an estate, but preferred to divide the same in kind.

In the second place, the legal effect would have been to set aside the judgment of the court of ordinary, rendered after due and legal notice to all persons interested to appear and show cause why this land should not be sold for the benefit of the heirs and creditors. And this to be done because it is alleged that Neal has notes against the estate which he is not legally entitled to collect.

Equity will never take the administration of an estate out of the hands of an administrator and the court of ordinary, only where it is absolutely necessary to preserve

the estate, or protect the rights of parties where they would be otherwise endangered Indeed, the general principle is, that equity will never interfere with the regular administration of an estate, except upon a strong case clearly made out, especially in favor of the heirs as against creditors.

For these reasons, as well as that there is neither insolvency charged against the administrator, nor fraud or collusion between himself and Neal, his co-defendant, we hold the ruling of the chancellor to be right, and it must, therefore, be affirmed.

Judgment affirmed.